No. 2563

Second Circuit

McBRIDE v. ELAM

(May 22, 1928.  Opinion and Decree.)

(*Syllabus by the Court*)

1.  **Louisiana Digest—Sales—Par. 54, 55.**

A sale of "all that portion of the following described tract of land that lies west of the Mansfield-Logansport dirt road, said entire tract having been purchased by T. R. Patrick from Mrs. M. F. Williams and by him sold to Joseph B. Elam; said entire tract described as commencing 20.00 chains south and 26.00 chains west of the northeast corner of 19 Township 12 North Range 13 West and running thence north 10.22 chains, to right of way of Texas & Pacific Railway; thence northwest with railway to point 16.60 chains north of the southwest corner of the NW¼ of the NE¼ of said section 19; thence south 16.60 chains; thence east 14.00 chains to beginning; nineteen acres, more or less. The part of said tract hereby sold being that part lying west of said dirt road, containing 7.50 acres, more or less" is by the acre and not per aversionem.

   Civil Code, Article 2492.
   Boyce vs. Cage, 7 La. Ann. 672.

2.  **Louisiana Digest—Fraud—Par. 3, 10; Evidence—Par. 58, 59.**

He who alleges error or fraud in the confection of a sale carries the burden of proving it, and in the absence of proof of either parol evidence is inadmissible to vary clear and unambiguous terms of a deed.

   Charrotte vs. Louisiana College, 1 La. App. 438.

Appeal from the Eleventh Judicial District Court, Parish of DeSoto.  Hon. Hal A. Burgess, Judge.

Action by Mrs. Fairy C. McBride against Joseph B. Elam.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Craig, Bolin and Magee, of Mansfield, attorneys for plaintiff, appellee.

Lee and Bell, of Mansfield, attorneys for defendant, appellant.

STATEMENT OF THE CASE

REYNOLDS, J.  Plaintiff sues defendant for $231.00 with legal interest from judicial demand.  She alleges that he sold her seven and one-half acres of land, more or less, for the price of $1,021.22 and only delivered to her 5.66 acres.  The act of sale from defendant to plaintiff described the land sold as follows, to-wit:

"All that portion of the following described tract of land that lies west of the Mansfield-Logansport dirt road, said entire tract having been purchased by T. R. Patrick from Mrs. M. F. Williams and by him sold to Joseph B. Elam; said entire tract described as commencing 20.00 chains south and 26.00 chains west of the northeast corner of Section 19 Township 12 North Range 13 West, and running thence north 10.22 chains to right of way of the Texas & Pacific Railway; thence northwest with railway to point 16.60 chains north of the southwest corner of the NW¼ of the NE¼ of said section 19; thence south 16.60 chains; thence east 14.00 chains to beginning, nineteen acres, more or less. The part of said tract hereby sold being that part lying west of said dirt road, containing 7.50 acres, more or less."

The price expressed in the deed is $1021.22, of which $721.22 is recited to have been paid in cash and the remainder of $300.00 by a promissory note dated

with the act, due one year after its date, bearing interest at 8 per cent from its date until paid, signed by the plaintiff and drawn payable to her own order and by her endorsed in blank and the payment of which was secured by a vendor's privilege retained on the land.

The defense is that prior to the sale he had contracted in writing to sell the plaintiff the same tract of land for the price of $937.50, of which $150.00 was paid in cash and the remainder was to be paid in monthly installments of not less than $25.00 each with 8 per cent per annum interest from date of the contract until paid, and that on August 27, 1923, she having paid him the price the act of sale in question was executed. That the representation therein that a note for $300.00 had been given by her to him to represent a part of the price was untrue and that the note was retained by plaintiff for the purpose of borrowing money thereon for her own account and that the arrangement was entered into solely for the convenience and benefit of the plaintiff.

That prior to entering into the contract of sale with plaintiff he or his agent went with her to the land and pointed out to her the tract of land described in the act of sale as seven and a half acres, more or less, and that thereupon she agreed to buy and he to sell her that particular tract of land without regard to its area for the price of $937.50. That prior to entering into the contract of sale he informed plaintiff that, in his opinion, the area of the tract was only five and a fraction acres. That when the act of sale was being prepared plaintiff contended that the area was seven and a half acres, more or less, and insisted that the act of sale so recite and accordingly it was made to do so. That her demand was predicated upon measurements of the tract made by her prior to the contract of sale whereby she had calculated that the tract contained seven and a half acres, more or less.

That the insertion in the act of the declaration in respect to the tract of land "containing 7.50 acres, more or less" was an inadvertence and done to oblige plaintiff; that the sale was per aversionem and not by the acre; and if the declaration "containing 7.50 acres, more or less" was allowed to operate to the benefit of the plaintiff it would have the effect of enabling the plaintiff to perpetrate a legal fraud on defendant.

On these issues the case was tried and there was judgment in favor of the plaintiff and against the defendant as prayed for by plaintiff and defendant appealed.

## OPINION

The only question presented for our determination is whether the act of sale from defendant to plaintiff imports a sale per aversionem or by the acre.

The act is clear and unambiguous and translates the title to a tract of land having definite boundaries and declares it to contain seven and a half acres, more or less.

Therefore the sale was one by the acre and not per aversionem, and unless the "containing 7.50 acres, more or less" were inserted in the act through fraud on the part of plaintiff, defendant must suffer a diminution of the price received proportionate to the discrepancy between the area sold and that delivered, or 7.84 acres.

Conceding that plaintiff, as alleged by defendant, asserted that the area of the tract was 7.50 acres and insisted on that area being declared in the act, she was not guilty of any fraud, for she had been

informed by defendant's agent, Thomas R. Patrick, that that was the area of the tract. Patrick's testimony was taken under commission on behalf of the defendant, and he was asked:

"If you state that you carried on negotiations with Mrs. McBride for the sale of the property to her, then did you state to her at any time what, in your opinion, was the contents of acreage in the tract which she wanted to buy?"

To which he answered:

"Yes, I told her there was approximately seven and one-half acres, and that for her satisfaction she could have it surveyed and figured out, but she and Mr. Cook did the measuring and bought the land, knowing all the boundary lines."

And again:

"Did you, in any negotiations with Mrs. McBride, tell her that the tract which she wanted to buy contained seven and one-half acres, and was the price made to her based upon the acre or was the price a lump sum made for the whole of the tract which she desired to buy?"

And he answered:

"No, I never told her at any time that there was seven and a half acres in the tract, but that there was approximately that, and the price made her was for the tract of land and not per acre. It was a lump sum for the whole tract which she desired to buy."

This witness was the agent of the defendant in negotiating the sale from him to plaintiff. Upon these representations of his she was warranted in declaring at the time the act of sale was drawn that the tract contained seven and a half acres, as defendant says she did, and in insisting that the act specifically declare that area.

The evidence relied on by defendant to prove his contention that a fraud was practiced on him in making the act de-

clare "containing 7.50 acres, more or less" is insufficient for the purpose, and in the absence of adequate proof the act must stand as written.

The judgment appealed from is correct and is therefore affirmed.